**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sam SZABLA, Defendant–Appellant.**

**No. 07–10606.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 2008.

Filed Dec. 3, 2008.

---

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**704**

Leslie E. Osborne, Jr., Esquire, Assistant U.S., Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

James Koshiba, Esquire, Andrew D. Stewart, Esquire, Koshiba Agena & Kubota, Honolulu, HI, for Defendant–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided

Before: SCHROEDER, PAEZ and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Sam Szabla, owner and operator of Hawaiian House, Inc., appeals his jury conviction for two counts of wire fraud, in violation of 18 U.S.C. § 1343, arising out of his submission of allegedly fraudulent documents in support of a claim for business interruption insurance benefits. During the course of Szabla's five-day trial, the district court made two evidentiary rulings that are the subject of this appeal. In both instances, the court refused to admit January 2000 bank records, ruling they were irrelevant because they were outside the July 1999 to December 1999 time frame of the alleged fraud.

■ The district court did err in ruling the evidence was not relevant. Federal Rule of Evidence 401 sets forth a "liberal" standard for relevancy. *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 587, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The bank records tended to support the defense's theory that some of the sales from December 1999 were not reflected in the company's bank records until January 2000. Szabla and his witness called this the "deposits-in-transit" theory.

■ However, any error was harmless because all the relevant information contained in the bank records was before the jury. The jury heard testimony describing the deposits-in-transit theory, including the information about the $60,000 January deposits allegedly representing December

by 9th Cir. R. 36–3.

sales. Additionally, any error in the admission of the documents would not have affected the jury's verdict, which was supported by overwhelming evidence of fraud. For example, the General Excise Tax ("GET") Return that Hawaiian House had filed with the State of Hawaii in August of 1999 reported gross sales amounting to only $125,619.91, but the GET Return that Hawaiian House filed with its insurance company reflected $215,980.00 in gross sales. Hawaiian House also provided its insurance company with GET Returns for other months, which it had never filed with the State of Hawaii. Even assuming the merit of the "deposits-in-transit" theory, the $60,000 surplus that the January 2000 bank records allegedly establish would account for only a small percentage of the total over-reporting, which was $397,589.89. There was no reversible error.

Accordingly, Szabla's conviction is **AFFIRMED.**